IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| RICHARD VENTO, et al., | : | CIVIL ACTION |
| | : | |
| | : | No. 08-159 |
| v. | : | |
| | : | |
| INTERNAL REVENUE SERVICE | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                               **March 31, 2010**

      Plaintiffs Richard, Lana, and Gail Vento brought this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), seeking Internal Revenue Service (IRS) documents related to their tax liability for the years 2002 through 2004. The parties have filed cross-motions for summary judgment.[1]

      Because this Court finds a material issue of fact exists as to whether the IRS's search was reasonably calculated to discover the requested documents, the IRS's motion shall be denied.[2] As to the exemptions the IRS asserted to withhold documents, this Court has reviewed the applicability of each exemption. In accordance with the findings below, this Court will grant the parties' motions in part and deny the motions in part.

---

[1] Plaintiffs requested oral argument on the motions for summary judgment pursuant to Local Rule of Civil Procedure 7.1(f). Because the parties' briefs adequately address the issues necessary to decide this case, oral argument is not necessary.

[2] The Court recognizes summary judgment is the usual means of resolving FOIA disputes. *See Manna v. U.S. Dep't of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993) ("Summary judgment is typically used to adjudicate FOIA cases."). However, the dispute over key facts preclude summary judgment in this instance.

1

**FACTS**

On June 6, 2007, Plaintiffs–the targets of an ongoing IRS investigation–made a request under the FOIA for "each and every document contained in the administrative files of the [IRS] relating to [Plaintiffs'] individual income tax liabilities" from 2002 through 2004. On April 30, 2008, the IRS responded by asking Plaintiffs to pay a search and processing fee of $1,995. In October 2008, Plaintiffs paid the fee. The same month, on October 31, the IRS released its first set of responsive documents, totaling 2,136 pages. The IRS released four more sets of documents to Plaintiffs, as follows: on December 3, 2008, 1,960 pages were released with 18 pages withheld in part and two pages withheld in full; on January 13, 2009, 5,113 pages were released; on February 9, 2009, 2,721 pages were released with 1,074 pages withheld in full; and on July 28, 2009, after the IRS Office of Chief Counsel reviewed the withheld documents, an additional 244 pages were produced, although some information remained withheld.

During the course of the investigation into Plaintiffs' tax liability, several IRS agents conducted interviews with the Plaintiffs and witnesses. During a period beginning June 26, 2007, IRS employees–including Jacqueline Moss, Rosemary Burke, John Aletta, Donna Pittman, Debbie Tsuha and Stuart Gibson–interviewed the Plaintiffs and witnesses Gary Hatch and David Thomas. Plaintiffs' counsel also had contact with Kathy Brewer, a senior disclosure specialist in the Office of Disclosure in the Small Business Self Employed Division. At an interview on December 18, 2008, conducted by Aletta, Richard Barbati, and Joseph Kennedy, Richard Vento was informed IRS employee Philip Vinciguerra was working on Vento's investigation.

Unsatisfied with the documents produced, Plaintiffs filed this action for declaratory and injunctive relief on December 30, 2008, seeking full disclosure of the withheld documents. Both

parties have filed motions for summary judgment.

**DISCUSSION**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the parties file cross-motions for summary judgment, a court "must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard." *Schlegel v. Life Ins. Co. of N. Am.*, 269 F. Supp. 2d 612, 615 n.1 (E.D. Pa. 2003) (citation and internal quotation marks omitted).

When a dispute involves a request for information under FOIA, an agency is entitled to summary judgment in its favor if it can "show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). The agency must satisfy this burden by "demonstrat[ing] it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 745 F.3d 1476, 1485 (D.C. Cir. 1984) (internal quotations and citations omitted). The court must conduct a fact-specific inquiry to determine, applying a reasonableness standard, whether the agency's search was adequate. *Id.* To aid in this inquiry, an agency must provide detailed affidavits or a reasonably descriptive *Vaughn* index[3] so the court has an adequate factual basis to decide

---

[3] The term "*Vaughn* index" is derived from *Vaughn v. Rosen*, 484 F.2d 820 (1973). This "index," used in FOIA cases to identify exempt materials, usually consists of a detailed affidavit, the purpose of which is to "permit the court system effectively and efficiently to evaluate the factual nature of

3

whether documents should be subject to disclosure. *Davin v. United States*, 60 F.3d 1043, 1051 (3d Cir. 1995); *Becker v. IRS*, 34 F.3d 398, 402 (7th Cir. 1994). The fact that other, potentially responsive documents may exist does not preclude a court from determining an agency's search for documents was sufficient under FOIA. *Weisberg*, 745 F.3d at 1485.

At the outset, this Court must resolve the issue of which date–the date of Plaintiffs' FOIA request or the date of the IRS's search–is the appropriate cut-off date at which point documents created thereafter need not be produced. Under IRS regulations, an official need only provide those documents created as of the date of a FOIA request. 26 C.F.R. § 601.702(c)(8)(ii) (explaining an official responding to a request "shall include only those records within the official's possession and control as of the date of the receipt of the request by the appropriate disclosure officer"). The D.C. Circuit has held, however, that an agency's date-of-request cut-off policy is facially unreasonable; instead, a date-of-search policy may be reasonably applied. *Schoenman v. FBI*, 573 F. Supp. 2d 119, 140 (D.C. Cir. 2008) (citing *Public Citizen v. Dep't of State*, 276 F.3d 634, 643-44 (D.C. Cir. 2002)). The D.C. Circuit explained that enforcing a date-of-request cut-off is inefficient because such a policy's "net result is to increase processing time by forcing [the requester] to file multiple FOIA requests to obtain documents that the [agency] would have released in response to a single request had it used a later cut-off date." *Public Citizen*, 276 F.3d at 643. The *Public Citizen* court also rejected the agency's argument that because different departments conducted multiple searches, applying a date-of-search cut-off date would create a confusing hybrid of multiple search dates. The court held the agency failed to meet its burden of proving the later date would create an "administrative nightmare." *Id.* at 644. However, the court noted that "nothing in this opinion

---

disputed information." *Id.* at 826.

4

precludes . . . any other federal agency from attempting a more compelling justification for imposing a date-of-request cut-off on a particular FOIA request." *Id.*

Although the Third Circuit has yet to rule on this issue, the Court finds the D.C. Circuit's arguments in favor of applying a date-of-search cut-off persuasive. Unfortunately, the parties' Statements of Undisputed Facts do not contain any information regarding when the IRS commenced searching for the requested documents. The only documentary evidence related to this issue is a letter sent by the IRS, dated January 10, 2008, which informed Plaintiffs the IRS needed more time to process their request because "additional time is needed to search for, collect, and appropriately examine a voluminous amount of records." This letter also informed Plaintiffs the IRS was "continuing to process" their request for records. Based on the letter, Plaintiffs urge this Court to adopt a cut-off date of January 10, 2008. Because the IRS letter is ambiguous as to when the agency *began* its search for records, a material issue of fact exists as to whether the IRS's search included documents produced after Plaintiffs' initial request but before the IRS commenced its search. The IRS has presented no justification for why this Court should apply the earlier cut-off date; instead, the agency argues IRS policy is binding. Without a rationale for applying the earlier date, this Court finds application of the IRS's date-of-search policy is unreasonable. Therefore, summary judgment must be denied in order to determine when the IRS began its search for documents.

Plaintiffs next challenge the entirety of the document search done by the IRS, arguing it was inadequate because the search was limited to the records of one mid-level revenue agent, Moss, and did not include a search of the records of all agents involved with the investigation of Plaintiffs. To prove it conducted an adequate search, an agency's affidavit must: (1) contain reasonable detail; (2) set forth the search terms used; (3) describe the type of search performed; and (4) confirm that all

files likely to contain responsive material were searched. *Cozen O'Connor v. U.S. Dep't of Treasury*, 570 F. Supp. 2d 749, 766 (E.D. Pa. 2008).

At this point, the Court has insufficient factual information to decide whether or not the IRS conducted a reasonable search. The IRS performed a search of the database of a single agent, Moss, who Plaintiffs contend was not the original agent assigned to their case. Without knowing the role of the other agents involved in the investigation, this Court cannot determine, as a matter of law, that the IRS's search was reasonably constructed to find all materials responsive to Plaintiffs' request. Because disputed issues of material fact remain, summary judgment cannot be granted on this issue.

Relatedly, Plaintiffs ask for summary judgment in their favor and asks this Court to order the IRS to expand its search to an extensive list of IRS and Department of Justice (DOJ) employees and to produce the names of all IRS and DOJ employees involved in Plaintiffs' case. Because the IRS's search may be reasonable without including every employee who performed some work on the Plaintiffs' case, this Court declines to order the IRS to perform such an expansive search. However, Plaintiffs' request for the names of the employees who performed work on their case is reasonable, and accordingly partial summary judgment shall be granted on this issue.

Plaintiffs next challenge the statutory exemptions the IRS applied to withhold certain documents. An agency may withhold a document, or certain information contained within a document, "*only* if the information contained in the document falls within one of nine statutory exemptions to the disclosure requirement contained in § 552(b)." *Bowen v. U.S. Food and Drug Admin.*, 925 F.2d 1225, 1226 (9th Cir. 1991) (emphasis in original). The burden is on the agency to prove the exemptions, narrowly construed, apply to the withheld documents. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). To meet this burden, an agency must provide affidavits or an

index containing reasonably detailed descriptions of the documents and alleging facts sufficient to establish an exemption. *Davin*, 60 F.3d at1051. An entire document shall not be withheld if one portion is exempt; instead, the non-exempt portions of the document must be provided to the requester. *Lame v. U.S. Dep't of Justice*, 654 F.2d 917, 921 (3d Cir. 1981).

The first disputed exemption[4] involves information withheld pursuant to FOIA's third exemption, which allows non-disclosure of documents permitted to be kept secret under federal law, provided the federal statute "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 522(b)(3). The IRS argues two statutes exempt tax-related documents–26 U.S.C. § 6103(a), which requires non-disclosure of third-party tax return information, and 26 U.S.C. § 6105, which requires non-disclosure of information exchanged pursuant to tax conventions. Plaintiffs concede documents may be withheld pursuant to § 6105. Regarding the documents withheld under § 6103(a), Plaintiffs challenge 37 instances in which they argue documents should have been produced in whole or in part, exempting only the information which runs afoul of the statute.

Under § 6103, the information which may not be disclosed by statute encompasses

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's

---

[4] In the IRS's Motion for Summary Judgment, the IRS argues FOIA's second exemption, which allows non-disclosure of matters "related solely to the internal personnel rules and practices of an agency," allows it to withhold the names of actual banks used in training materials. 5 U.S.C. § 552(b)(2). Plaintiffs do not contest the applicability of this exemption, and the IRS has adequately met its burden of showing its applicability. Accordingly, the IRS need not disclose the information withheld pursuant to the second exemption.

7

> return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . .

26 U.S.C. § 6103(b)(2)(A). Many of the documents identified in Plaintiff's Appendix A undoubtedly contain information that falls under the umbrella of § 6103. However, FOIA's segregability rule requires an agency disclose non-exempt portions of a document so long as the information is not "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Airforce*, 566 F.2d 242, 260-61 (D.C. Cir. 1977); *see also Lame*, 654 F.2d at 921. The index provided by the IRS does not explain why the exempt information cannot be stricken from these documents. At a minimum, the IRS may provide the names of the IRS and DOJ employees who sent or received the emails at issue without running afoul of § 6103. As to the other information contained in Appendix A, the IRS has failed to meet its burden of proving the FOIA exemption applies to these documents in their entirety. This Court therefore orders the disclosure of employees' names as requested by Plaintiffs, along with any other information contained in the Appendix A documents that can be segregated from the taxpayer data.

Next, Plaintiffs challenge the withholding of documents under FOIA's fifth exemption, which allows the non-disclosure of documents normally privileged in civil litigation. 5 U.S.C. § 552(b)(5) (exempting from production any "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"). The IRS has asserted three privileges in this case: (1) the deliberative process privilege; (2) attorney-client privilege; and (3) attorney work-product privilege.

The IRS has asserted the deliberative process privilege to withhold correspondence between the case revenue agent and her manager to seek advice regarding which issues to pursue in an examination of Plaintiffs, correspondence between the case revenue agent and technical advisors regarding what information to seek in that examination, and records relating to the agent's preparation of a summons and the agent's response to noncompliance with the summons, including discussions with IRS counsel and the DOJ. The governmental deliberative privilege exists to further "the policy of protecting the decision making processes of government agencies." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal citations and quotations omitted). The privilege extends to all "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* (internal citations and quotations omitted). The purpose of this privilege is to encourage "frank discussion of legal or policy matters in writing [which] might be inhibited if the discussion were made public." *Id.* (internal citations and quotations omitted).

This privilege clearly applies to the communications the revenue agent made in preparing for and conducting examinations of Plaintiffs, because such communications include the deliberations by various IRS and DOJ personnel about what strategies to pursue in Plaintiffs' tax case. Plaintiffs' contention these communications reflect the "working law" of the IRS are misplaced, as these are not final statements of policy by top officials such that they constitute the "opinion of th[e] office." *Fulbright & Jaworski v. Dep't of Treasury*, 545 F. Supp. 615 (D.D.C. 1982). Instead, the communications relate only to the preparation of the case against Plaintiffs. Similarly, Plaintiffs' contention that they are entitled to the "facts" contained in these communications is misplaced because such facts may be withheld if "they would indirectly reveal the advice, opinions, and

evaluations circulated . . . as part of [the] decisionmaking process." *Mead Data Cent.*, 566 F.2d at 254 n.28. The exempt documents at issue involve facts revealed in order to seek and give advice during the course of agency deliberations, and to disclose such facts could reveal the advice and opinions protected by this privilege. Therefore, these communications are properly exempt under the deliberative process privilege.

Next, the IRS asserts the attorney-client privilege to withhold correspondence between the revenue agent and the Office of Chief Counsel and the DOJ on developments in the examination and interpretation of law. The attorney-client privilege is incorporated into FOIA's fifth exemption, *N.L.R.B.*, 421 U.S. at 154, and its scope under FOIA is coextensive with the scope of the privilege in normal civil litigation. *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984). "The attorney-client privilege permits nondisclosure of an attorney's opinion or advice in order to protect the secrecy of the underlying facts" and covers "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Mead Data Cent.*, 566 F.2d at 252, 254 n.28. Even if litigation has not commenced, attorney-client communications are protected by this privilege. *Id.* at 252-53.

The attorney-client privilege properly exempts the bulk of the communications listed in Plaintiffs' Appendix B because they relate to a legal matter, Plaintiffs' tax liability, as to which the revenue agent was seeking advice. However, Plaintiffs correctly note items three and four in Appendix B[5] do not involve communications to or from an attorney, and therefore cannot be exempt

---

[5] Item three is described as "Moss's notes and impressions of a third party interview." Appendix B. Item four is a "Conference or Contact memorandum written by revenue agent regarding a third party taxpayer's interview." *Id.* These documents are also listed under the same numbers in Appendix C.

under the attorney-client privilege. Thus, the Court will order the disclosure of items three and four unless they are subject to another privilege, but holds the other items in Appendix B were properly withheld as privileged.

The final privilege asserted by the IRS is the attorney work-product privilege, which the IRS asserts to exempt work done by the Office of Chief Counsel and the DOJ in response to petitions to quash third party summonses filed by Plaintiffs and third party taxpayers. Unlike the attorney-client privilege, the work-product privilege protects only those documents created in anticipation of litigation. *N.L.R.B.*, 421 U.S. at 154. The work-product privilege "clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *Id.* This privilege extends to deliberative and factual material prepared for litigation, even if litigation has not formally commenced. *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002).

Plaintiffs challenge seven assertions of the work-product privilege. Pl.'s Appx. C. Of these, five assertions relate to work done by the IRS and DOJ attorneys in connection with building a tax liability case against Plaintiffs, and thus are properly subject to the work-product privilege even though they may have occurred before litigation formally began. However, items three and four in Appendix C do not appear to involve work-product created by an attorney in anticipation of litigation and therefore are not exempt under the work-product privilege as incorporated by FOIA's fifth exemption.

Finally, the IRS asserts many of the documents it withheld are exempt under FOIA's seventh exemption, which allows non-disclosure of "records or information compiled for law enforcement

purposes." 5 U.S.C. § 552(b)(7).[6] The IRS withheld documents based on three provisions of this exemption, arguing the information "(A) could reasonably be expected to interfere with enforcement proceedings, . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, . . . [and] (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines [therefor] . . ." *Id.* Because the IRS works to enforce federal tax laws, it is entitled to invoke (b)(7) when the exemption is applicable to information created for a law enforcement purpose. *Lewis v. IRS*, 823 F.2d 375, 379 (9th Cir. 1987).

The IRS invokes § 552(b)(7)(A) to withhold Revenue Agent Moss's notes and summaries of witness interviews she conducted during the course of the investigation into Plaintiffs' tax liability, arguing disclose of this information "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Courts have held information that might interfere with an agency's enforcement proceeding includes the identity of potential witnesses, the direction and limits of an investigation, the strength of various legal claims, and the agency's analysis of certain evidence. *See, e.g., Curran v. Dep't of Justice*, 813 F.2d 473, 476 (1st Cir. 1987); *Int'l Collision Specialists, Inc. v. IRS*, No. 93-2500, 1994 WL 395310, at *2 (D.N.J. Mar. 4, 1994). Plaintiffs counter the exemption does not apply here because the documents were not created for "a concrete, prospective law enforcement proceeding" at the time the agency decided to withhold the information. *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 232 (1978).

---

[5] Plaintiffs argue the IRS withheld documents under FOIA's privacy exemption, which forbids disclosure of files "which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). However, the IRS's brief in support of summary judgment addresses this exemption only in the context of § 552(b)(7)(C), and not as a separate exemption. The Court will similarly address privacy issues in its discussion of the application of FOIA's seventh exemption.

Plaintiffs' argument is without merit because the record shows Moss was preparing a case against Plaintiffs. Thus, Moss's interview notes and summaries were created in anticipation of an enforcement proceeding, even if a formal action had not yet been filed. *See Steinberg v. IRS*, 473 F. Supp. 1272 (S.D. Fla. 1979) (holding documents created as IRS agents built a tax liability case against the plaintiffs were exempt from disclosure under § 552(b)(7)(A)). The IRS alleges disclosure of the documents would interfere with the proceedings against Plaintiffs by revealing the identities of cooperating witnesses, the available evidence, the transactions being investigated, and the weight the agency places on certain information. This Court agrees. Therefore, these documents may properly be withheld under (b)(7)(A).

The IRS next asserts the disclosure of the names and personal information of IRS employees and other third parties is exempt under (b)(7)(C), which "permits an agency to withhold a document only when revelation 'could reasonably be expected to constitute an *unwarranted* invasion of personal privacy.'" *U.S. Dep't of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 771 (1989) (emphasis in original). When deciding whether to apply this exemption, a Court must balance the degree of intrusion into individual privacy against the public interest in disclosure. *Id.* "Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990). Moreover, "interviewees and witnesses also have a substantial privacy interest because disclosure may result in embarrassment and harassment." *McDonnell v. United States*, 4 F.3d 1227, 1255 (3d Cir. 1993).

The IRS argues that because there is no public interest in disclosing this information to Plaintiffs, the balance tips in favor of the privacy interests of IRS employees. Plaintiffs do not ask

13

for the social security numbers and phone numbers of employees and third parties, but instead seek the names of relevant IRS employees and the persons contacted by the IRS during the course of the investigation.

FOIA is not intended a tool to circumvent the normal rules of discovery to gain an advantage in litigation. *N.L.R.B.*, 437 U.S. at 242. To the extent Plaintiffs are seeking the names and personal information of witnesses which would not ordinarily be discoverable, § 552(b)(7)(C) properly exempts such information because the interviewees' privacy interests outweigh Plaintiffs' interest in accessing their information for the purpose of improving their chances of success in their ongoing tax liability proceedings. While Plaintiffs argue they seek this information merely to know what the government is "up to," such an argument is plainly disingenuous given the ongoing enforcement proceedings against Plaintiffs. However, the analysis differs for whether the names of IRS employees involved in Plaintiffs' case may be exempt under § 552(b)(7)(C). The names and titles of government employees are publicly available information under Office of Personnel Management guidelines, unless disclosure of this data would interfere with law enforcement programs or severely inhibit agency effectiveness. 5 C.F.R. § 293.311. The IRS has not met its burden of showing disclosure of the names and titles of employees who worked on Plaintiffs' case would interfere with its investigation. Therefore, there is no privacy interest to consider and this Court will order the IRS to reveal to Plaintiffs the requested names and titles of IRS and DOJ employees.[7]

---

[6] Plaintiffs also allege the IRS has wrongly applied exemption § 552(b)(7)(C) to withhold the names of third parties directly involved with the examination of Plaintiffs. As a basis for this allegation, they cite the recent disclosure of the IRS's interview of Dave Thomas, information about which was only belatedly relayed to Plaintiffs. This is insufficient evidence to "warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 159 (2004).

Finally, the IRS asserts exemption § 552(b)(7)(E), precluding disclosure of information about guidelines and techniques for law enforcement investigations "if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The IRS contends this exemption applies to a DOJ memorandum and requests for tax returns from the IRS Liaison for Insular Matters. Under this exemption, "an agency may seek to block the disclosure of internal agency materials relating to guidelines, techniques, sources, and procedures for law enforcement investigations and prosecutions, even when the materials have not been compiled in the course of a specific investigation." *Tax Analysts v. IRS*, 294 F.3d 71, 79 (D.C. Cir. 2002).

The documents withheld by the IRS fall within the ambit of this exemption. The withheld DOJ memorandum details the guidelines for when and how the agency processes IRS summons issued to U.S.-based entities when records are located abroad. Disclosing this information would supply parties who wish to avoid compliance with the summonses with information on how to circumvent them. The withheld faxed requests for returns includes information related to a secure internal database of confidential agency information, including third-party tax information. Plaintiffs do not challenge the applicability of this exemption, and the IRS has met its burden of showing its applicability to the withheld documents.

This Court will grant the parties' motions in part and deny the motions in part in accordance with the above findings. An appropriate order follows.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.

cc: Anne E. Blaess, Esquire
Stuart D. Gibson, Esquire
Joycelyn Hewlett, Esquire
Thomas J. Jaworski, Esquire
Ari Kunofsky, Esquire
Dara B. Oliphant, Esquire
Gerald Alan Role, Esquire
Tamika Archer, Esquire
Aquannette Y. Chinnery-Montell, Esquire
Carol Thomas-Jacobs, Esquire
Joseph M. Erwin, Esquire
Edward M. Robbins, Jr., Esquire
Marjorie R. Roberts, Esquire